IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40242
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICARDO SOTO-CASTELLANO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-872-ALL
--------------------
October 29, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ricardo Soto-Castellano ("Soto") appeals his conviction and 84-month sentence following his plea of guilty to illegal reentry into the United States after deportation, a violation of 8 U.S.C. § 1326. Soto argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in his indictment.

    Soto acknowledges that his first argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision in <u>Apprendi</u> because the Supreme Court indicated in <u>Apprendi</u> that <u>Almendarez- Torres</u> may have been wrongly decided. Because the Supreme Court has not overruled <u>Almendarez-Torres</u>, this court is compelled to follow it.  <u>See</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).  Soto's argument is foreclosed.  <u>See</u> <u>Almendarez-Torres</u>, 523 U.S. at 235.

Soto also argues that his indictment was defective under the Fifth and Sixth Amendments because it did not allege general intent.  Because Soto did not present this argument to the district court, the indictment is reviewed with "maximum liberality."  <u>United States v. Guzman-Ocampo</u>, 236 F.3d 233, 236 (5th Cir. 2000).  Soto's indictment listed every statutorily required element of 8 U.S.C. § 1326, informed him of the charge, and fairly imported that his reentry was a voluntary act in view of the allegation that he had been deported and removed from the United States and was subsequently found in the United States without having obtained the consent of the Attorney General. Soto's indictment was statutorily and constitutionally sufficient.  <u>See</u> <u>id.</u> at 239 n.13.

Soto's conviction and sentence are AFFIRMED.